IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARCO R. FELIPE,

Plaintiff,

v.

DR. JOSEPH BINEGAR,
PATRICIA WICKERT,
NICOLE BROWN,
BRANDON BURKE,
HADASSA LEGRAND,
DR.DANIEL LA VOIE, and
NURSE MARTIN,

Defendants.

OPINION AND ORDER

26-cv-456-wmc

---

Plaintiff Marco R. Felipe, who is representing himself while in state prison, has filed a complaint challenging the adequacy of his medical care and other conditions of his confinement. (Dkt. #1.) Because he is a prisoner proceeding without prepayment of the filing fee, the court must screen the complaint and dismiss any claim brought by plaintiff that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who by law cannot be sued for such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). Although "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that complaint must still meet these minimal standards before the court may grant a self-represented plaintiff leave to proceed *in forma pauperis*. Because plaintiff's complaint lacks detail and contains unrelated claims involving different defendants, it does not comply with the Federal Rules of Civil Procedure. Therefore,

to avoid dismissal of this lawsuit, plaintiff will need to submit an amended complaint that corrects the deficiencies identified below.

OPINION

Plaintiff Marco R. Felipe is presently incarcerated by the Wisconsin Department of Corrections ("DOC") at the Columbia Correctional Institution ("CCI"). He sues Dr. Joseph Binegar, who is a physician employed at Gundersen Health System ("Gundersen") at "Lutheran Medical Center," and Patricia Wickert, who is employed as an "APNP" at Gundersen. Plaintiff also sues the following DOC employees at the New Lisbon Correctional Institution ("NLCI"): Health Service Unit Manager ("HSUM") Nicole Brown; Sergeant Brandon Burke; Unit Manager Kenneth Lobenstein; APNP Hadassa Legrand; and Nurse Martin. In addition, plaintiff sues Dr. Daniel LaVoie, who is described as the "Medical Director" of DOC.

Plaintiff alleges that on January 18, 2024, he saw Dr. Binegar at the "Gundersen Lutheran Medical Center" and received a steroid injection to treat his back pain. Several days later, the entire right side of plaintiff's body "went numb."

At some unspecified time thereafter, plaintiff claims that HSUM Brown denied him Gabapentin that was recommended by an unidentified off-site specialist. Plaintiff contends that he complained of pain repeatedly to defendants Brown, Legrand, and Dr. LaVoie, but was treated instead with Tylenol and Ibuprofen as "First line of Treatment" medications.

Plaintiff alleges further that on May 20, 2024, a physical therapist granted him a medical restriction that allowed him to use a walker for 18 days. Because of the medical restriction, plaintiff contends that he was authorized to use "Handicap phones" in his housing

unit. Plaintiff claims that defendants Burke, Lobenstein, and Nurse Martin wrote "fraudulent conduct reports" against him for using the Handicap phones without authorization. When plaintiff filed grievances about the conduct reports, an unidentified individual intentionally failed to place a "work order" to repair his walker after one of the wheels fell off, which caused plaintiff to fall and injure himself.

Plaintiff alleges that the defendants violated his rights under Eighth Amendment, the First Amendment, and that Dr. Binegar was negligent in violation of state law. He seeks compensatory and punitive damages. However, the court cannot allow plaintiff to proceed with his claims as currently alleged in one complaint.

Plaintiff improperly attempts to bring a series of unrelated claims in a single lawsuit. Under the controlling principle of Rule 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

The Seventh Circuit has also emphasized that Rule 20 of the Federal Rules of Civil Procedure applies as much to prisoner cases as it does to any other case. *Id*. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact

common to all defendants will arise in the action." *See also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions").

Because plaintiff's complaint presents several unrelated claims against multiple defendants in a single lawsuit, the complaint does not comply with Federal Rules of Civil Procedure 18 and 20, and must be dismissed. The Seventh Circuit has cautioned against dismissing a *pro se* plaintiff's case without giving the plaintiff a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). Therefore, the court will give plaintiff one opportunity to file an amended complaint that complies with Rules 18 and 20. The court will send plaintiff a copy of the prisoner complaint form along with this order. Plaintiff may include supplemental pages with the form if he needs more space to allege facts supporting his claims, but he may provide no more than five (5) supplemental pages that must be double-spaced for legibility. Plaintiff must clearly identify each defendant by name in the caption and in the body of the complaint, specifying each individual's job title, where they are employed, and their personal involvement in the alleged violation of plaintiff's rights. If plaintiff files an amended complaint that satisfies these criteria, the court will screen it under 28 U.S.C. §§ 1915(e)(2)(B), 1915A. If plaintiff fails to respond or the proposed amended complaint does not comply, however, this case will be dismissed without further notice.

ORDER

IT IS ORDERED that:

1) The complaint filed by plaintiff Marco R. Felipe is DISMISSED without prejudice for failure to satisfy the requirements of Federal Rules of Civil Procedure 18 and 20.

2) The clerk's office shall provide plaintiff with a copy of the court's prisoner complaint form. Plaintiff must file his amended complaint using this form, which may include no more than five (5) supplemental pages, as set forth above.

3) Plaintiff has until December 10, 2026, to file an amended complaint that cures the deficiencies outlined above. Plaintiff's failure to correct the outlined deficiencies or to otherwise respond by that deadline will result in dismissal of this action without further notice pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 10th day of November, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge